FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS BELTRAN-DELGADO, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 10-73235 Agency No. A088-736-238 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Juan Carlos Beltran-Delgado, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeal ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the BIA's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Beltran-Delgado was the victim of gang violence and robberies and fears future harm by gang members in El Salvador.  Substantial evidence supports the BIA's determination that Beltran-Delgado failed to show that the gang members were or would be motivated by a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").  Accordingly, Beltran-Delgado's asylum and withholding of removal claims fail.

Substantial evidence also supports the BIA's denial of CAT relief because Beltran-Delgado did not establish he would be tortured by the government of El Salvador or with its consent or acquiescence.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**